Kenneth **SOPER**

v.

**WAL–MART STORES, INC., et al.**

No. 3:95–0238.

United States District Court,
M.D. Tennessee,
Nashville Division.

April 23, 1996.

Brad W. Hornsby, Bullock, Fly & McFarlin, Murfreesboro, TN, for Plaintiff.

Robert Edmond Parker, Richard K. Smith, Garrett E. Asher, Parker, Lawrence, Cantrell & Dean, Nashville, TN, for Defendant Wal–Mart Stores, Inc.

Michael Ernest Evans, Evans & Todd, Nashville, TN, for Defendant Orkin Exterminating Company.

### *MEMORANDUM*

HIGGINS, District Judge.

The plaintiff, Kenneth Soper, originally filed this action in the Rutherford County Circuit Court against the defendant Wal-Mart Stores, Inc., alleging that Wal-Mart had been negligent in the maintenance of an automatic bug spraying device that was mounted on a pipe in an aisle at its store in Smyrna, Tennessee. This device emitted a spray that entered the plaintiff's eyes as he was walking down an aisle at this Wal-Mart store, causing significant damage to his eye.

The defendant, Wal-Mart, a Delaware corporation, with its principal place of business in Arkansas, removed the action[1] to this Court under the federal diversity statute, 28 U.S.C. § 1332, without opposition.

On March 15, 1995, Wal-Mart filed its answer to the complaint and, among other things, asserted a comparative fault defense that the plaintiff's damages "are the proximate result" of his negligence as well as the "negligence and/or intentional misconduct of a third party over whom the defendant had no control." Answer (filed March 15, 1995; Docket Entry No. 5) at ¶ 13.

The Court directed Wal-Mart to disclose the identity of the third party referred to in its comparative fault defense, and Wal-Mart complied by letter of counsel dated May 25, 1995, to the plaintiff's counsel. On September 6, 1995, the plaintiff filed a motion (Docket Entry No. 19) to file an amended complaint (*see* Docket Entry No. 38), and by order entered October 16, 1995 (Docket Entry No. 37), the motion was granted. On October 25, 1995, the plaintiff filed his amended complaint adding Orkin Exterminating Company, a Georgia corporation, as an additional defendant alleging that Orkin manufactured the device and that Orkin and/or Wal-Mart, installed and maintained the bug spraying device that caused his inju-

ries. Amended complaint (Docket Entry No. 38) at 3.

Before the Court is defendant Orkin's motion (filed January 26, 1996; Docket Entry No. 48) to dismiss, alleging, in essence, that the plaintiff's claim was not filed against Orkin within the time provided by the applicable Tennessee statute of limitations and that the plaintiff does not present any facts to justify the untimely filing of his amended complaint naming Orkin as a defendant.

In response, the plaintiff contends that because Wal-Mart failed to identify the third party allegedly comparatively responsible for his injuries, his claim was timely filed under Tenn.Code Ann. § 20-1-119. The plaintiff relies upon a Tennessee Court of Appeals decision which provides for a ninety-day time period within which to assert any claim against a third party who is identified as liable for the plaintiff's injuries. The plaintiff also states that Orkin's motion by virtue of its reliance on attached exhibits is a motion for summary judgment to which he should have more time to reply.

Also before the Court is the plaintiff's motion (filed January 26, 1996; Docket Entry No. 50) for partial summary judgment, contending that Orkin breached its duty of care in the installation of the bug spraying device because the installation of this device was contrary to Orkin's own literature on how to install such devices. The plaintiff asserts that due to Orkin's failure to mount its device properly, Orkin is liable for the injury to his eye.

For the reasons set forth below, the Court concludes that Orkin's motion to dismiss should be granted because, while Tenn.Code Ann. § 20-1-119 revives the plaintiff's products liability claim, the revival is solely for the time provided by Section 20-1-119. Despite the disclosure of Orkin as a potential third party, the plaintiff failed to comply with Tenn.Code Ann. § 20-1-119 by failing to file his amended complaint within ninety (90) days of the naming of Orkin as the entity that installed and maintained the spraying device that emitted the spray that caused the injury to the plaintiff's eye. Further, there

---

1. Mr. Soper's wife, Beth Soper, was a plaintiff in this action, but the Court severed and remanded her claim for lack of subject matter jurisdiction. (Docket Entry No. 23).

are insufficient facts under state law to toll the statutory time limits in Section 20–1–119 for the filing of the plaintiff's claim against Orkin. And, as a matter of federal law, there is no mistaken identity to invoke the relation back doctrine under Fed.R.Civ.P. 15(c) to revive the plaintiff's claim against Orkin. With this conclusion, the plaintiff's motion for partial summary judgment against Orkin is denied as moot.

## I.

On February 17, 1994, the plaintiff was a customer at a Wal–Mart store in Smyrna, Tennessee, when an automatic spraying device mounted on a post in an aisle sprayed him in or about the eyes. (Docket Entry No. 38 at 2). According to the amended complaint, this spraying device was installed and maintained by Orkin and/or Wal–Mart. *Id.* As a result of the spray in his eyes, the plaintiff suffered an injury that required considerable medical treatment. *Id.* at 3.

The action was originally filed in circuit court on February 1, 1995. Upon removal of the action to this Court on March 10, 1995, Wal–Mart's assertion of its comparative fault defense on March 15, 1995, and the Court's direction that the identity of the third party be made known, the plaintiff's attorney, Brad W. Hornsby, received a letter on May 26, 1995, from Wal–Mart's attorney, Richard K. Smith, stating that the device was installed by "Rolins, Inc., parent of subsidiary Orkin Exterminating Company, Inc." Affidavit of Brad W. Hornsby (Docket Entry No. 57) at 1. Mr. Hornsby then describes his contact with a Rolins representative as follows:

[o]n or about May 30, 1995, I attempted to contact Mr. Ebin Jones, Vice President in charge of risk management at Rolins, Inc. Because Mr. Jones was not available, I spoke with another attorney for Rolins, Inc. I explained the situation and the lawsuit to this attorney, and he informed me that he would get back to me. As of today, no one at Rolins, Inc. has ever contacted me regarding this matter.

*Id.* at 2.

On September 6, 1995, the plaintiff filed his motion (Docket Entry No. 19) for leave to amend his complaint to name Orkin Extermi-

nating Company, Inc., as a party in this case. By order entered October 16, 1995, the motion was granted. *See* Docket Entry No. 37. The plaintiff filed his amended complaint on October 25, 1995. (Docket Entry No. 38).

## II.

As a threshold issue in this diversity action, the Court must decide which state law applies to the parties' substantive claims and defenses. In a diversity case, the district court is obliged to apply the law of the forum. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). In addition, the conflict of laws rules determine which state's substantive law shall apply. *Klaxon Co. v. Stentor Elec. Mfg.,* 313 U.S. 487, 494, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477, 1479 (1941); *Telecommunications, Eng'g Sales & Serv. Co. v. Southern Tel. Supply Co.,* 518 F.2d 392, 394 (6th Cir.1975); *Bailey v. Chattem, Inc.,* 684 F.2d 386, 392 (6th Cir. 1982). Here, the parties agree that Tennessee law applies to the plaintiff's claims, and the Court concurs.

There are no disputes as to the timing of Wal–Mart's disclosure of the identity of the third party referred to in its answer, and there are also no disputes as to when the plaintiff filed his motion to amend and his amended complaint to add Orkin as a party. There is no factual dispute about Orkin's response to the inquiry of plaintiff's counsel about his client's claim.

As to the applicable Tennessee statute of limitations, the general statute is Tenn.Code Ann. § 28–3–104 which has a one year limitations period for personal injury claims. As to when the plaintiff's claim accrues, Tennessee courts in a series of decisions beginning with *McCroskey v. Bryant Air Conditioning Co.,* 524 S.W.2d 487 (Tenn. 1975), apply the reasonable discovery rule as to the running of the applicable statute of limitations for personal injury actions. Under this rule, the applicable statute of limitations does not commence until an injury occurs or is discovered or until a reasonable person exercising due diligence should have discovered an injury or a legal claim. *Foster v. Harris,* 633 S.W.2d 304, 305 (Tenn.1982);

*Gibson v. Lockwood Prod.,* 724 S.W.2d 756, 758–59 (Tenn.Ct.App.1986); *Hathaway v. Middle Tennessee Anesthesiology, P.C.,* 724 S.W.2d 355, 359–60 (Tenn.Ct.App.1986); *Woods v. Sherwin–Williams Co.,* 666 S.W.2d 77, 78–80 (Tenn.Ct.App.1983). In *Foster* the Tennessee Supreme Court stated:

> It is axiomatic that no judicial remedy was available to this plaintiff until he discovered, (1) the occasion, the manner and means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty.

633 S.W.2d at 305.

Later, the Tennessee Supreme Court restated *Foster* and described its meaning as follows:

> In *Foster* we determined that the injury was discovered upon learning that the source of the disease was a negligent act, clearly determining that the statute of limitations does not run until *the existence or identity of a tortfeasor is known. Foster* was limited to the determination of defining the date of discovery.

*Hoffman v. Hospital Affiliates, Inc.* 652 S.W.2d 341, 343 (Tenn.1983) (emphasis added).

The plaintiff, however, relies upon another statute, Tenn.Code Ann. § 20–1–119, that applies to the filing of personal injury claims against a third party that is identified by a defendant's answer or defense as being comparatively liable for the plaintiff's injuries. Tenn.Code Ann. § 20–1–119 provides, in pertinent part, as follows:

> (a) In civil actions where comparative fault is or becomes an issue, *if a defendant named in an original complaint* initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, *alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety*

*(90) days of the filing of the first answer or first amended answer alleging such person's fault, either* :

> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

> (2) Institute a separate action against that person by filing a summons and complaint. . . .

> (b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statutes of repose, . . . .

> (c) This section shall neither shorten nor lengthen the applicable statute of limitations for any cause of action, other than as provided in subsection (a).

> . . . .

> (e) This section shall not limit the right of any defendant to allege in an answer or amended answer that a person not a party to the suit caused or contributed to the injury for which the plaintiff seeks recovery.

> (f) For purposes of this section, "person" means any individual or legal entity.

Tenn.Code Ann. § 20–1–119(a), (b), (c), (e) and (f) (emphasis added).

The plaintiff argues that because Wal–Mart asserted a comparative fault defense in its answer, yet did not disclose the identity of the third person which Wal–Mart asserted to be comparatively liable, section 20–1–119 did not become operative. For this contention, the plaintiff cited *Owens v. Truckstops of America,* 1994 WL 115878 (Tenn.Ct.App.1994), *aff'd as modified,* 915 S.W.2d 420 (Tenn.1996). Plaintiff's response (filed February 15, 1996; Docket Entry No. 56) at 3, *see also* attachment. Since the filing of the plaintiff's response, the Tennessee Supreme Court reviewed the Court of Appeals decision.

The plaintiff in *Owens* filed his claim in 1988 against the defendant for an injury due to a defective stool at the defendant's restaurant. *Id.* at 423. In 1989, the defendant in

*Owens* was permitted to file a third party complaint against the stool's manufacturer asserting, *inter alia,* a claim for contribution to the plaintiff's injury. *Id.* After the Tennessee Supreme Court's decision in *McIntyre v. Balentine,* 833 S.W.2d 52 (Tenn.1992), the stool's manufacturer and the third party defendant moved for dismissal of the contribution claim, which the trial court granted, but the restaurant then moved to amend its answer to assert a defense of comparative negligence against the stool manufacturer. *Owens,* 915 S.W.2d at 423. With this latter amendment, the plaintiff in *Owens,* citing Tenn.Code Ann. § 20–1–119 (1994), moved to add the manufacturer as a defendant. *Id.* at 423–24. The state trial court allowed the plaintiff's amendment and, on interlocutory appeal, the Tennessee Court of Appeals reversed. *Id.* at 424. The Tennessee Supreme Court affirmed, but with modifications. *Id.* at 422.

In *Owens,* the Tennessee Supreme Court held that the plaintiff's action was time-barred. The Court reasoned that due to state constitutional limitations, the plaintiff's claims against the stool's manufacturer were not filed within one year of the accrual of the claim, and could not be revived by section 20–1–119 because that statute was enacted after the plaintiff's claims were time-barred. *Id.* at 427. As to the plaintiff's reliance on Tenn.Code Ann. § 20–1–119, the Court explained, however, that "[s]ection 20–1–119 now allows a plaintiff a limited time within which to amend a complaint to add as a defendant any person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired." *Id.*

However, the Court made it clear that

[i]f the plaintiff's cause of action had accrued after the decision in *McIntyre* and after the effective date of Tenn.Code Ann. § 20–1–119, the rights and liabilities of the parties would be significantly different. The plaintiff would have a cause of action which would not be barred by his negligence unless his negligence was not less than the negligence of those responsible for his injuries, but his recovery would be reduced in direct proportion to the extent his negligence contributed to the injuries sustained. *See McIntyre,* 833 S.W.2d at 57. Also, except as discussed subsequently, the defendants would not be jointly liable, but each defendant's liability would be in proportion to that party's fault. *See id.* at 58. Truckstops still would have the right to assert that Vitro and Michael caused or contributed to the plaintiff's injury, and the plaintiff would have the right, for 90 days under Section 20–1–119, to assert a claim against such person or persons, by amendment to the complaint or by a separate action, even if the applicable statute of limitations had run. *See* Rule 8.03 and Rule 14.01, Tenn.R.Civ.P.

*Id.* at 425 (footnote omitted).

This action differs from *Owens,* in that the plaintiff's action has accrued since *McIntyre* and the effective date of section 20–1–119. Therefore, the plaintiff's right to assert a claim against a third party is revived under section 20–1–119(a) for ninety (90) days from the date of the answer making the assertion that a third party is at fault. Wal–Mart's answer referring to third party liability was filed on March 15, 1995. Docket Entry No. 5 at 2. Thus, the plaintiff had ninety (90) days from that time, i.e. until June 14, 1995, to file his claim against Orkin. Although Orkin is not named in Wal–Mart's answer, Wal–Mart's allegations provided reasonable notice of a third party claim and, coupled with the available federal discovery tools, the plaintiff had more than adequate opportunity and time to discover the third party's identity and to amend his complaint to add Orkin within ninety (90) days of the filing of Wal–Mart's answer. However, the plaintiff's claim against Orkin was not filed until October 25, 1995, and therefore, his claim is time-barred under Tennessee law.

■ Even if the plaintiff were correct that the ninety days does not begin until Wal–Mart discloses the third party's identity, under the facts here, the plaintiff's claims against Orkin would remain barred. Upon the Court's direction to disclose the third party referred to in its comparative fault defense, Wal–Mart complied by sending a letter received by plaintiff's counsel on May

26, 1995. The ninety-day period from the plaintiff's receipt of Wal–Mart's letter expired on August 26, 1995. The plaintiff's counsel, however, did not move to amend his complaint to add Orkin until September 6, 1995. *See* Docket Entry No. 19. The plaintiff's motion was granted on October 16, 1995, (Docket Entry No. 37), but the amended complaint naming Orkin was not filed until October 25, 1995. *See* Docket Entry No. 38. Even under the plaintiff's interpretation, his motion to amend and the amended complaint were filed after the expiration of the statutory period in section 20–1–119. Thus, his claims against Orkin remain time-barred.

To avoid having his claims barred, the plaintiff attempts to invoke the state estoppel doctrine and the federal relation back doctrine under Fed.R.Civ.P. 15(c). The Court concludes that neither doctrine is applicable here.

 Under Tennessee law, to evoke the estoppel doctrine on a statute of limitations defense, the Tennessee Supreme Court stated that

"[t]he vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject such person to loss or injury by disappointing the expectations upon which he acted. Such a change of position is sternly forbidden. It involves fraud and falsehood, and the law abhors both. *Dickerson v. Colgrove,* 100 U.S. 578, 25 L.Ed. 618 [ (1879) ]."

*American Mut. Liab. Ins. Co. v. Baxter,* 210 Tenn. 242, 357 S.W.2d 825, 827 (1962) (quoting *Saylor v. Trotter,* 148 Tenn. 359, 255 S.W. 590, 593 (1923).

The only relevant factual representation cited by the plaintiff is a statement by counsel for Rolins. According to Mr. Hornsby, counsel for Rolins replied that he would get back with him regarding this lawsuit. *See* Docket Entry No. 57 at 2. There is no evidence of an offer of settlement suggesting that Rolins wanted the plaintiff to delay the filing of his claim or, as in *Baxter,* that Rolins or Orkin would not assert any limitation defense. While Wal–Mart identified Rolins as its third party defendant, there is no showing

that this representation is false. Under *Hoffman,* all that is required for accrual of a claim is the "existence" of a tortfeasor. Without more facts, the Court concludes that the plaintiff's proof is legally insufficient to invoke the Tennessee estoppel doctrine to toll the ninety day provision in section 20–1–119.

 As to the federal relation back doctrine, Federal Rule of Civil Procedure 15 reads, in pertinent part, as follows:

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted *if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.*

Fed.R.Civ.Proc. 15(c) (emphasis added).

The Supreme Court of the United States discussed the proper interpretation of Fed. R.Civ.P. 15(c) and its requirements in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). After examining the language of Rule 15(c), the Court set forth a *four-part test* as follows:

(1) the basic claim must have arisen out of the conduct set forth in the original pleadings; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3)

that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384, 91 L.Ed.2d at 27.

The Supreme Court further held that the notice required for the relation back doctrine under Rule 15(c) must occur "'within the period provided by law for commencing the action,'" meaning the applicable limitations period. *Id.* at 30, 106 S.Ct. at 2385, 91 L.Ed.2d at 28. The Supreme Court rejected "engrafting upon [the plain meaning of Rule 15(c)] an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." *Id.*

Rule 15(c), however, was amended in 1991 to allow an extension for giving notice of the claim to include the time for service of process. The Advisory Committee Notes explain that these 1991 amendments effectively overrule that portion of *Schiavone* and liberalize the Rules as applied to civil action against a misnamed defendant.

> Paragraph (c)(3). This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met.

Federal Civil Judicial Procedure and Rules, Advisory Committee Notes Fed.R.Civ.P. 15 at 79 (West 1996). Yet, neither Rule 15(c) nor this 1991 Amendment would render the plaintiff's claim against Orkin timely filed.

As to the requirements under Rule 15(c)(2) and the first factor under the *Schiavone* test, the plaintiff's claim against Orkin in his amended complaint clearly arose from "the conduct set forth in the original pleading." *Schiavone,* 477 U.S. at 29, 106 S.Ct. at 2384, 91 L.Ed.2d at 27. The facts alleged against

Wal–Mart and Orkin are essentially the same. The theories of liability and damages are essentially the same. The plaintiff's amended complaint satisfies these requirements.

Rule 15(c)(3) and the second *Schiavone* factor require the proposed defendant to have notice of the claim within the limitations and service of process periods *and* that the defendant knew or should have known that "but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R.Civ.P. 15(c)(3)(B). It must be noted that the United States Court of Appeals for the Sixth Circuit stated that "constructive" or "implied" notice may suffice for relation back under Rule 15(c):

> We believe that Rule 15(c) does not require that the new defendants received actual notice of the suit.... Under some circumstances, notice can also be imputed to a new defendant. Even more pertinent to this case, where the complaint alleges in substance that the new defendants committed the illegal acts and are officials of the original defendant, that relationship may imply receipt of sufficient notice. All that we add concerning the inquiry of whether the new defendants knew or should have known that the suit should have been brought against them is that it is a patently factual inquiry and left to the district court. We also emphasize that although the above are appropriate considerations for the district court, they are only guides.

*Berndt v. State,* 796 F.2d 879, 884 (6th Cir. 1986) (citations and footnotes omitted).

Under the proof here, except for Mr. Hornsby's call to Orkin's counsel, there is no evidence that Orkin had knowledge of the plaintiff's claim within the limitations period. The plaintiff offers no proof that Wal–Mart informed Orkin of his claim. Inasmuch as Wal–Mart had asserted a defense against Orkin, there was no community of interests between them. The plaintiff, of course, has an independent claim against Wal–Mart so that Wal–Mart is not a party named by mistake.

Although Mr. Hornsby informed Rollins, Orkin's parent, of the plaintiff's claim on May 30, 1995, while the plaintiff can correct a misnomer, Rule 15(c) cannot be employed to add a new defendant. *See In re Kent Holland Die Casting & Plating, Inc.*, 928 F.2d 1448, 1450 (6th Cir.1991).

*Kent* continues to be applied after the 1991 amendments to Fed.R.Civ.P. 15(c)(3). *Cox v. Treadway*, 75 F.3d 230 (6th Cir.1996).

> Appellants argue that the court erred in granting the newly named officers' motion because the amended complaint relates back to the filing of the original complaint under Fed.R.Civ.P. 15(c)(3). Appellants contend that the newly named defendants in this case at a minimum had constructive notice of this lawsuit within the 120-day service period. Appellants also assert that the amended version of Rule 15(c)(3), which became effective on December 1, 1991, should apply to their case.
>
> Appellants' amended complaint does not relate back. Sixth Circuit precedent clearly holds that new parties may not be added after the statute of limitations has run, and that such amendments do not satisfy the "mistaken identity" requirement of Rule 15(c)(3)(B). The amendment attempted by appellants clearly adds new parties to the complaint.

*Cox*, 75 F.3d at 240 (citations omitted).

Thus, given that the Court directed Wal-Mart to disclose the identity of its third party and that Orkin is a new party that was added after the expiration of the ninety-day provision of section 20-1-119, the relation back doctrine under Fed.R.Civ.P. 15(c) cannot revive the plaintiff's claim against Orkin.

Finally, the plaintiff contends that although Orkin's motion is labelled a motion to dismiss under Rule 12(b)(6), it relies upon materials outside the plaintiff's pleadings, i.e. discovery materials, including excerpts from the plaintiff's deposition. Accordingly, the plaintiff contends that Orkin's motion should be considered as a motion for summary judgment allowing him more time to respond. To be sure, Fed.R.Civ.P. 12(b)(6) requires that "the motion shall be treated as one for summary judgment and disposed of as provided

in Rule 56" provided that such materials are "not excluded by the Court."

While Orkin's motion to dismiss, by its submission of discovery material, could be converted into a motion for summary judgment, that occurs only if the Court has "not excluded" such materials. Here, the Court has not relied upon the discovery materials submitted by Orkin. Thus, this conversion has not occurred. The Court has relied primarily upon the dates of the parties' motions and pleadings, as well as Mr. Hornsby's affidavit. Mr. Hornsby did not move for any additional time nor did he cite any specific need for additional time. This contention lacks merit.

### III.

For the reasons stated above, the Court concludes that Orkin's motion to dismiss should be granted. As a result, the plaintiff's motion for partial summary judgment is denied as moot.

An appropriate order will be entered.

### *ORDER*

In accordance with the memorandum contemporaneously entered, the motion (filed January 26, 1996; Docket Entry No. 48) of the defendant, Orkin Exterminating Company, Inc., to dismiss is granted and the plaintiff's claims against Orkin are dismissed with prejudice.

Plaintiff's motion (filed January 26, 1996; Docket Entry No. 50) for partial summary judgment is denied as moot.

It is so ORDERED.