## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

| | | |
|---|---|---|
| **CASSANDRA LYNN LIPSCOMB**, | ) | Shelby County Circuit Court |
| | ) | No. 81763 & 85203 T.D. |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | C.A. No. 02A01-9711-CV-00293 |
| | ) | |
| **JOHN DOE**, | ) | |
| | ) | |
| Defendant/Appellee. | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **CASSANDRA LYNN LIPSCOMB**, | ) | |
| | ) | |
| Plaintiff/Appellant. | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| **COREY DYSON, JAMES LOGAN,** | ) | |
| **And ANTONIO CHANEY**, | ) | |
| | ) | |
| Defendants. | ) | |

**FILED**

**December 16, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Circuit Court of Shelby County at Memphis.
**Honorable D'Army Bailey, Judge**

**A. Wilson Wages**, Millington, Tennessee
Attorney for Plaintiff/Appellant.

**Fred P. Wilson**, STEWART, WILKINSON AND WILSON LAW FIRM, Memphis, Tennessee
Attorney for Defendant/Appellee.

OPINION FILED:

**AFFIRMED AND REMANDED**

**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

Plaintiff Cassandra Lynn Lipscomb appeals the trial court's denial of her motion for leave to amend as well as the trial court's dismissal of all of her claims. For the reasons set forth below, we affirm the ruling of the trial court.

### *Factual and Procedural History*

While driving her automobile on the evening of September 24, 1995,[1] Lipscomb was chased and repeatedly struck from behind by another vehicle. The pursuing vehicle then pulled up beside Lipscomb's vehicle and one of its occupants pointed a gun at Lipscomb. The gunman then shot Lipscomb, breaking the window of her vehicle. On October 7, 1995, an article describing this incident and accompanied by a photograph of Lipscomb appeared in a local newspaper. The article listed the names and addresses of three men who had been arrested and charged in connection with the attack. Lipscomb reported the existence of this article to Amerisure Companies (Amerisure), her automobile insurance carrier, on November 10, 1995 and faxed a copy of the article to Amerisure on November 13, 1995.

On September 24, 1996, Lipscomb filed a complaint seeking damages for injuries sustained in connection with the incident of September 24, 1995. The complaint did not name as a defendant any of the three men listed in the newspaper article that Lipscomb had faxed to Amerisure. Rather, the complaint was filed using the "John Doe" procedure of section 56-7-1206(b) of the *Tennessee Code Annotated*, which allows a plaintiff to seek relief from his or her insurance provider even though the identity of the uninsured motorist who caused the plaintiff's injuries is unknown. *See* Tenn. Code Ann. § 56-7-1206(b) (1994).[2] On December 5, 1996, Amerisure filed

---

[1]The record is somewhat confusing regarding the date on which the events giving rise to Lipscomb's complaint occurred. Items filed in the cause by Lipscomb state that these events took place on September 24, 1996. Other items in the record, however, suggest that they occurred on September 24, 1995. When questioned about this inconsistency during oral argument, counsel for Lipscomb explained that an error had occurred when drafting items filed by Lipscomb and conceded that the actual date of the incident was September 24, 1995.

[2]Tennessee's uninsured motorist statute generally does not permit a plaintiff to maintain an action directly against the plaintiff's insurance provider. *See Glover v. Tennessee Farmers Mut. Ins. Co.*, 468 S.W.2d 727, 730 (Tenn. 1971). *But see Brewer v. Richardson*, 893 S.W.2d 935, 938 (Tenn. 1995)(allowing such an action when process issued to the uninsured motorist was returned unserved). Rather, the plaintiff must institute a suit against the uninsured motorist and serve the insurance company with notice of the action. *See* Tenn. Code Ann. § 56-7-1206(a) (1994). If the identity of the uninsured motorist is unknown, the statute allows the plaintiff to

a motion to dismiss Lipscomb's "John Doe" complaint. On December 23, 1996, Lipscomb filed a motion seeking leave to amend her complaint to add James Logan, Antonio Chaney, and Cory Dyson, the three men named in the newspaper article, as defendants. Thereafter on February 13, 1997, she filed a separate complaint against Logan, Chaney, and Dyson. By consent, the two actions were consolidated. Amerisure then filed a motion to dismiss Lipscomb's claims against Logan, Chaney, and Dyson. The trial court heard all pending motions and on October 31, 1997 entered an order denying Lipscomb's motion to amend and granting Amerisure's motion to dismiss Lipscomb's "John Doe" complaint. On that same day, the trial court also entered an order dismissing Lipscomb's complaint against Logan, Chaney, and Dyson. This appeal followed.

The issues raised on appeal are (1) whether the trial court erred in denying Lipscomb's motion to amend her "John Doe" complaint and (2) whether the trial court erred in granting Amerisure's motions to dismiss both Lipscomb's "John Doe" complaint and her separate complaint against Logan, Chaney, and Dyson. Because these are questions of law, our review of the trial court's ruling is *de novo* with no presumption of correctness. *See Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996); *Ridings v. Ralph M. Parsons Co.*, 914 S.W.2d 79, 80 (Tenn. 1996); T.R.A.P. 13(d).

### *Lipscomb's Motion to Amend*

Lipscomb first contends that the trial court should have allowed her to amend her "John Doe" complaint and name additional defendants under section 20-1-119 of the *Tennessee Code Annotated* which provides in pertinent part as follows:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed

---

simply name "John Doe" as a defendant. *See* Tenn. Code Ann. § 56-7-1206(b) (1994). An insurance provider that has been served with process may, in its discretion, file pleadings and otherwise participate in the proceedings in an attempt to defend the uninsured motorist. *See Harvey v. Birchfield*, 535 S.W.2d 334, 336-37 (Tenn. 1976); *Witter v. Nesbit*, 878 S.W.2d 116, 119 (Tenn. App. 1993); Tenn. Code Ann. § 56-7-1206(a) (1994).

to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an "original complaint initiating the suit" or "an amended complaint" for purposes of this subsection.

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. This section shall not extend any applicable statute of repose, nor shall this section permit the plaintiff to maintain an action against a person when such an action is barred by an applicable statute of repose.

Tenn. Code Ann. § 20-1-119 (a), (b) (1994). Section 20-1-119 was enacted in response to the adoption of comparative fault in Tennessee. *See Browder v. Morris*, 975 S.W.2d 308, 310 (Tenn. 1998). The concern of the legislators was that a defendant might allege in his or her answer that a previously unknown party was wholly or partly responsible for the plaintiff's injuries. If such an allegation was made after the running of the statute of limitations, the plaintiff would be unable to recover from the newly named party. *See Whittlesey v. Cole*, 142 F.3d 340, 345 (6th Cir. 1998). Section 20-1-119 allows a plaintiff in this situation to amend his or her complaint and add as a defendant the party alleged by the original defendant to have caused or contributed to the plaintiff's injury, even if the statute of limitations applicable to the plaintiff's cause of action against the newly added defendant has expired. *See Owens*, 915 S.W.2d at 427.

The facts of *Owens v. Truckstops of America*, 915 S.W.2d 420 (Tenn. 1996), illustrate the type of situation to which section 20-1-119 was intended to apply. In *Owens*, a restaurant patron sustained personal injuries when the stool on which he was sitting broke, causing him to fall to the floor. *See id.* at 423. The patron filed a complaint against the restaurant, alleging negligent maintenance of the stool and failure to warn of the stool's dangerous condition. *See id.* In its amended answer, the restaurant alleged that the acts of the company that designed and manufactured the stool and the company from whom it purchased the stool caused or contributed to the patron's injuries. *See id.* The patron then moved to amend the original complaint to add these

parties as defendants pursuant to section 20-1-119. *See id.* The court discussed section 20-1-119 as if it would normally apply to facts such as those with which it was presented. *See id.* at 427. The court noted, however, that the applicable limitations period had expired prior to the effective date of the statute and held that section 20-1-119 could not be applied retroactively. *See id.*

In *Soper v. Wal-Mart Stores, Inc.*, 923 F. Supp. 1032 (M.D. Tenn. 1996), a federal district court applied Tennessee law to facts similar to those presented in *Owens*. Soper filed a complaint against Wal-Mart, alleging that he had sustained an eye injury resulting from Wal-Mart's negligent maintenance of a bug spraying device located in its store. *See id.* at 1035. On March 10, 1995, Wal-Mart filed an answer to the complaint, asserting that Soper's injuries were proximately caused by the negligence and/or intentional conduct of a third party. *See id.* In a letter dated May 26, 1995, Wal-Mart disclosed that the party identified in its answer was Orkin Exterminating Company (Orkin), the manufacturer of the bug spraying device. *See id.* On October 25, 1995, Soper filed an amended complaint, naming Orkin as an additional defendant. *See id.* The court granted a motion to dismiss the claim against Orkin, concluding that, although section 20-1-119 operated to revive Soper's claim against Orkin for a period of ninety days, the ninety day revival period had expired prior to the filing of Soper's amended complaint. *See id.*

The facts of the instant case are distinguishable from those presented in *Owens* and *Soper*. The defendants in those cases alleged that parties previously unknown to the plaintiffs were at least partially at fault. In the present case, however, Amerisure's answer does not allege that an unknown third party caused or contributed to Lipscomb's injuries. Rather, it alleged that Lipscomb's injuries were caused by parties known to her and that, therefore, she improperly employed the "John Doe" procedure. This distinction was recognized in the recent case of *Whittlesey v. Cole*, 142 F.3d 340 (6th Cir. 1998). The court in *Whittlesey* stated as follows:

> [W]e may assume that one of the concerns was to prevent a defendant from naming and attributing fault to a previously unknown responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed. This concern, of course, arises only where the plaintiff has been unaware, until the defendant's answer, of the fault of another individual. Indeed, a review of Tennessee case law suggests that § 20-1-119 is implicated only where the defendant's answer apprises the plaintiff for the first time of a responsible party. . . . It is, thus,

plain that § 20-1-119 was not intended to apply to a plaintiff like Whittlesey who, long before the defendant's answer to the complaint, had knowledge that a third party may be at fault for the complained of injuries.

*Id.* at 345 (citing ***Soper v. Wal-Mart Stores, Inc.***, 923 F. Supp. 1032, 1038 (M.D.Tenn.1996);

***Owens v. Truckstops of America***, 915 S.W.2d 420 (Tenn.1996)).

We agree with the ***Whittlesey*** court that section 20-1-119 is applicable only when the plaintiff is unaware of the fault of the third party at the time that the plaintiff filed his or her complaint. In the instant case, Lipscomb knew the names and addresses of three men who had been arrested and faced criminal charges in connection with the incident resulting in her injuries. In November of 1995, ten months before Lipscomb filed her original complaint, Lipscomb admitted to an employee of Amerisure that she knew the names and addresses of Logan, Chaney, and Dyson.[3] Three days later, she faxed to Amerisure a copy of a newspaper article containing this same information. Lipscomb contends on appeal that she lacked knowledge of these parties because she

---

[3]During the recorded telephone conversation, Lipscomb answered the questions of the Amerisure employee as follows:

Q.    Okay. You don't have a copy of that report on that incident?
A.    Ah, no, I don't have a copy of the actual police report, no. I would like to. I guess I need to get one. I do have a little information on those guys, if you would like their, I think I have their names. But, I mean there [sic] all in jail.
Q.    Well, the more you can give us, the quicker we can get the Memphis Police to find the report on that.
A.    All right. Let me see here. I know they sent me something on it with docket numbers and stuff. Anthono Chaney, Corey Dyson . . .
Q.    D I S O N?
A.    D Y S O N.
Q.    That's Corey, C O R E Y?
A.    Ah ha, and James Logan.
Q.    Okay.
A.    And their arrest number is 95276061.
Q.    Okay.
A.    Let me see if I have anything else. I don't think I have anything else on them.
Q.    Okay.
A.    It gave their addresses in the newspaper . . .
Q.    Oh, really.
A.    Would you like that?
Q.    Yeah.
A.    I mean their [sic] not there though. They are in jail. I can give it to you.
Q.    Okay. Could you just get a photocopy of that article for me?
A.    Yeah, I could do that.

was unable to identify which of the three men was driving the vehicle. Lipscomb stated that she believed that Chaney was driving the vehicle but also recalled that Dyson admitted during the criminal proceedings that he was the driver. We conclude that, prior to the filing of Lipscomb's complaint, she knew that Logan, Chaney, and Dyson were potential responsible parties.[4] We therefore conclude, consistent with the court's holding in *Whittlesey*, that section 20-1-119 is inapplicable to the case at bar.

Lipscomb also contends that, irrespective of section 20-1-119, the trial court should have allowed her to amend her complaint under Rule 15.03 of the *Tennessee Rules of Civil Procedure*. Rule 15.03 provides as follows:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

T.R.C.P. 15.03.

Under Rule 15.03, an amended complaint that names a new defendant relates back to the original complaint only if three requirements are satisfied. First, the claim must arise out of the same facts underlying the claim set forth in the original complaint. Additionally, the newly added defendant must be given notice of the proceedings before the running of the applicable statute

---

[4]Counsel for Lipscomb essentially conceded this point in comments made to the trial judge regarding why Logan, Chaney, and Dyson were not named as defendants in the original complaint. He explained as follows:

> So, I don't want to mislead the court by saying "I didn't know those three [guys'] names. We didn't know those three [guys'] names."
> We knew from the outset before this lawsuit was filed, that those three guys were in the car apparently. I honestly don't know. My client doesn't know who pulled the trigger.

of limitations or within 120 days after the filing of the original complaint. Finally, the plaintiff may not name a new defendant unless, within the applicable limitations period or within 120 days after the filing of the original complaint, the newly added defendant knows or should have known that, but for the plaintiff's mistake in identifying the proper party, he or she would have been named in the original complaint. Our analysis focuses on the notice requirement of Rule 15.03.

In *Soper*, the plaintiff attempted to amend his complaint against Wal-Mart to add Orkin, the manufacturer of the bug spraying device that injured him, pursuant to Rule 15(c) of the *Federal Rules of Civil Procedure*.[5] With regard to the notice requirement of Rule 15(c), the court noted that constructive or implied notice, rather than actual notice, may be sufficient under some circumstances. *See Soper*, 923 F. Supp. at 1040 (citing *Berndt v. State*, 796 F.2d 879, 884 (6th Cir. 1986)). The *Soper* court appeared to suggest that less than actual notice would be required, for instance, when there was an agency relationship between the original defendant and the defendant named in the amended complaint. *See id.* Applying this rule to the facts with which it was presented, the court concluded that no such relationship existed between Wal-Mart and Orkin and consequently held that Orkin was not provided with notice within the meaning of Rule 15(c). *See id.* at 1041.

We similarly find that Lipscomb did not provide Logan, Chaney, and Dyson with notice as required by Rule 15.03. The relation back provision of Rule 15.03 is not triggered unless

---

[5]The notice provisions of Tennessee Rule 15.03 and Federal Rule 15(c) are substantially similar. Federal Rule 15(c) provides as follows:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

F.R.C.P. 15(c).

the newly added defendant receives notice within the applicable statute of limitations or within 120 days after commencement of the action. Thus, in the instant case, Lipscomb was obligated to give notice to Logan, Chaney, and Dyson within 120 days of September 24, 1996. She did not provide this notice but instead filed a separate action against the three men on February 13, 1997, after the expiration of the 120 day period. While we recognize that Amerisure received notice of the original complaint, we find that there is no relationship between Amerisure and Logan, Chaney, and Dyson that would justify imputing notice to these three men. We therefore conclude that the trial court properly denied Lipscomb's request to amend her complaint under Rule 15.03.

### *Amerisure's Motion to Dismiss*

We next consider whether the trial court erred in granting Amerisure's motions to dismiss. The trial court entered separate orders dismissing Lipscomb's original "John Doe" complaint as well as her complaint against Logan, Chaney, and Dyson. We will consider each of these orders separately.

We concluded above that section 20-1-119 has no application to the facts of the present case. Accordingly, this provision does not operate to allow Lipscomb to maintain a separate action against Logan, Chaney, and Dyson subsequent to the running of the statute of limitations applicable to her claims against these parties. Lipscomb's injury occurred on September 24, 1995. Under Tennessee's one year limitations period applicable to personal injury claims, the last day for filing an action against Logan, Chaney, and Dyson was September 24, 1996. *See* Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1998).[6] Lipscomb's complaint against these parties was filed thereafter on February 13, 1997. We thus find that Lipscomb's claims against Logan, Chaney, and Dyson are barred by the statute of limitations and consequently hold that they were properly dismissed by the trial court.

---

[6]This provision states as follows:

(a) The following actions shall be commenced within one (1) year after the cause of action accrued:
(1) Actions for libel, ***for injuries to the person***, false imprisonment, malicious prosecution, breach of marriage promise;

Tenn. Code Ann. § 28-3-104 (a)(1) (Supp. 1998)(emphasis added).

The trial court also dismissed Lipscomb's original "John Doe" complaint. Lipscomb's "John Doe" claim was filed on September 24, 1996, exactly one year after the incident that resulted in her injuries. Thus, this claim is not barred by the one year statute of limitations applicable to personal injury claims. Amerisure contends, however, that Lipscomb's "John Doe" claim fails under this court's holding in *Gafford v. Caruthers*, No. 91C-2709, 1994 WL 420917 (Tenn. App. Aug. 12, 1994). In that case, Gafford sued a number of named defendants seeking damages for personal injuries sustained as a result of an automobile accident. *See id.* at *1. During the course of discovery, Gafford learned that an unknown motorist was also involved in the accident and consequently caused a "John Doe" warrant to be issued in an effort to recover from Gafford's uninsured motorist carrier. *See id.* We first determined that, because the "John Doe" warrant was issued more than one year after the accident, Gafford no longer had a cause of action against the unknown motorist. *See id.* at *2. We then concluded as follows:

> Under the [uninsured motorist] statute, if the insured is not entitled to compensation from the uninsured motorist, the insured would not be entitled to compensation from the uninsured motorist carrier. This statute cannot be read as providing a victim of an uninsured motorist with a more effective remedy against his own uninsured motorist carrier than he would have against the uninsured motorist himself.

*Id.*

Lipscomb concedes that the above cited holding of *Gafford* is a correct statement of Tennessee law. She contends, however, that the opposite must also be true. That is, Lipscomb argues that the uninsured motorist statute cannot be read to provide a less effective remedy against the plaintiff's uninsured motorist carrier than the plaintiff would have against the uninsured motorist. We disagree. Even if we accepted Lipscomb's position, however, we would still find that Lipscomb cannot recover against Amerisure. According to Lipscomb, the remedy against an uninsured motorist carrier can be neither more effective nor less effective than the remedy against the uninsured motorist himself. Under Lipscomb's rationale, then, these remedies must be equal. In the present case, we have previously concluded that the trial court properly dismissed Lipscomb's claim against Logan, Chaney, and Dyson as barred by the statute of limitations. Thus, Lipscomb has no remedy against these parties. If we adopted Lipscomb's position, we would be compelled to find that,

because these remedies must be equal, Lipscomb similarly has no remedy against Amerisure.

Applying the rule of *Gafford*, we find that, because Lipscomb is without a remedy against Logan, Chaney, and Dyson, she is also without a remedy against Amerisure. We thus conclude that the trial court properly granted Amerisure's motion to dismiss Lipscomb's "John Doe" complaint.

### *Conclusion*

For the foregoing reasons, the orders of the trial court denying Lipscomb's motion to amend and granting Amerisure's motions to dismiss are in all respects affirmed. Costs on appeal are charged to Lipscomb, for which execution may issue if necessary.

_____
FARMER, J.

_____
HIGHERS, J. (Concurs)

_____
LILLARD, J. (Concurs)