Catherine **WHITTLESEY**, deceased,
and Stephen E. Whittlesey, Sr.,
Plaintiffs–Appellants,

v.

Frederick L. **COLE**, Defendant–Appellee.

No. 97–5090.

United States Court of Appeals,
Sixth Circuit.

Argued March 17, 1998.

Decided April 17, 1998.

George P. Bailey (argued and briefed), Memphis, TN, for Plaintiffs–Appellants.

Gary K. Smith (argued and briefed), G. Edward Coleman, III (briefed), Shuttleworth, Smith, Williams, Sabbatini & Harper, Memphis, TN, for Defendant–Appellee.

Before: KENNEDY and SILER, Circuit Judges; COHN, District Judge.[*]

## OPINION

KENNEDY, Circuit Judge.

Plaintiffs, Catherine Whittlesey, deceased, and Stephen E. Whittlesey, Sr., appeal from the District Court's order granting summary judgment on behalf of the Defendant, Frederick L. Cole, M.D., on the basis that plaintiffs' claims were barred by the statute of limitations. In this appeal, we are asked to determine whether Tennessee's statute of limitations for medical malpractice is tolled until a plaintiff discovers the independent contractor status of an allegedly negligent doctor at a military hospital. Because we conclude that the statute is not tolled until a plaintiff learns of the legal status of the treating physician, the judgment of the District Court is **AFFIRMED**.

### I.

On May 29, 1993, Catherine Whittlesey, the wife of a retired member of the United States Navy, died of bacterial pneumonia allegedly as a result of medical malpractice during treatment at the Naval Hospital in Millington, Tennessee. Her husband, Ste-

[*] The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

phen Whittlesey, contends that she died as a result of breaches of the standard of care by Drs. Frederick Cole and Joe Holley. Following her death, Stephen Whittlesey filed an administrative claim against the Department of the Navy under the Federal Tort Claims Act, 28 U.S.C. 2675(a), a prerequisite to bringing suit against the United States. When the Navy learned that neither Dr. Cole nor Dr. Holley was employed by the government, the Navy, on July 7, 1994, informed Whittlesey that they were civilian doctors employed by PHP Healthcare Corporation. Thereafter, on February 17, 1995, the Navy denied the claim.

On July 7, 1995, Whittlesey filed the current action in the United States District Court for the Western District of Tennessee against the United States of America, PHP Healthcare Corporation, and Drs. Cole and Holley.[1] On August 31, 1995, the United States filed an answer wherein it alleged that, "[t]he injuries and/or damages alleged in the Complaint were not proximately caused by a negligent or wrongful act of omission of an employee of the United States" and more specifically that Drs. Cole and Holley are "independent contractors, and are not employees of the United States." Following the filing of the answer, plaintiff voluntarily dismissed PHP Healthcare Corporation from the action.

On November 8, 1995, Whittlesey filed an amended complaint naming the United States, Dr. Cole, and Dr. Holley as defendants.[2] On April 5, 1996, the District Court, relying on the doctrine of sovereign immunity, granted summary judgment to the United States. Thereafter, Dr. Cole moved for summary judgment on the ground that the claims against him were barred by the one-year statute of limitations for medical malpractice actions in Tennessee and that neither the discovery doctrine nor § 20–1–119 of the Tennessee Code Annotated, which permits the tolling of a statute of limitations where a plaintiff learns of the potential culpability of a nonparty via the answer of the named parties, extended the one-year period. On

December 4, 1996, the District Court granted Dr. Cole's motion on the grounds articulated by the doctor. Plaintiff now appeals from the judgment dismissing his tort claim against Dr. Cole.

## II.

■ Our standard of review of a grant of summary judgment is *de novo;* we use the same test used by the district court. *See Brooks v. American Broadcasting Cos.,* 932 F.2d 495, 500 (6th Cir.1991). We view the evidence in the light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). Summary judgment is proper if the evidence " 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law.' " *See* Fed.R.Civ.P. 56(c); *Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.,* 862 F.2d 597, 601 (6th Cir.1988)(quoting Fed.R.Civ.P. 56(c)).

## III.

■ In Tennessee, the statute of limitations for medical malpractice actions is one year. *See* Tenn.Code Ann. § 29–26–116(a)(1)("The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28–3–104"). The statute of limitations begins to run "when the patient knows or in the exercise of reasonable care and diligence should know, that an injury has been sustained." *Stanbury v. Bacardi,* 953 S.W.2d 671, 677 (Tenn.1997). Because Stephen Whittlesey did not file this action on behalf of his wife until more than two years after the alleged malpractice by Dr. Cole, the suit is barred by the statute of limitations set out in § 29–26–116(a)(1). Mr. Whittlesey, however, claims that his action against Dr. Cole is nevertheless timely under the following two exceptions to the one-year period: (1) the discovery doctrine and (2) Tenn.Code

---

1. However, Drs. Cole and Holley were never served with the original complaint.

2. Whittlesey served Drs. Cole and Holley with the amended complaint and the doctors filed their answers on April 30, 1996.

Ann. § 20–1–119. We address each of these exceptions in turn.

## A. The Discovery Doctrine

Tennessee's one-year statute of limitations for medical malpractice actions is tolled until the plaintiff " 'discovered, or reasonably should have discovered, (1) the occasion, the manner, and the means by which a breach of duty occurred that produced his injuries; and (2) the identity of the defendant who breached the duty.' " *Stanbury,* 953 S.W.2d at 677 (quoting *Foster v. Harris,* 633 S.W.2d 304 (Tenn.1982)). It is upon this latter clause that plaintiff relies. Whittlesey claims that, while he was aware that Dr. Cole treated his wife in May, 1993, he was unaware of the doctor's identity as a civilian until July 7, 1994, and therefore the statute should not have commenced to run until that time. Plaintiff relies on the case of *Foster v. Harris,* 633 S.W.2d 304 (Tenn.1982), as support for his proposition that identity means status. A reading of *Foster,* however, reveals that his reliance is misplaced. During a visit to Foster's dentist in October, 1975, the defendant dentist lacerated his finger and his blood mingled with the plaintiff's. Three months later, plaintiff learned that he had contracted serum hepatitis, a disease passed from one person to another only through blood contact. *Id.* at 304. While Foster diligently searched for the person from whom he was infected, he did not learn until July, 1976, nine months after his dental visit, that his dentist was infected with hepatitis. *Id.* Although plaintiff's complaint was filed more than one year after the dental visit, the court held the statute of limitations did not begin to run until Foster learned, in July, 1976, that his disease was contracted as a result of a negligent act and the existence and identity of the tortfeasor. *Id.* at 305. Thus, *Foster* teaches that a cause of action accrues when the existence or identity of a tortfeasor is known and not when the status of a known tortfeasor is discovered.

Unlike in *Foster,* Mr. Whittlesey was aware of the negligent acts and identity of Dr. Cole as the tortfeasor on May 29, 1993, the date of his wife's death, and at least by May 13, 1994, when he filed his administrative claim with the Navy. With the knowledge of his wife's death and her treating physicians, plaintiff was armed with sufficient information to engage in an investigation of his claim which would have included a determination of the status of the treating physicians. *See Gould v. U.S. Dept. of Health and Human Servs.,* 905 F.2d 738, 743 (4th Cir. 1990)(*en banc* )(rejected plaintiff's argument that two-year statute of limitations of the Federal Tort Claims Act was tolled until plaintiff learned that physician tortfeasors were federal employees working at a private hospital). In *Gould,* the United States Court of Appeals for the Fourth Circuit concluded that it was incumbent upon the plaintiff or plaintiff's attorney to "exercise reasonable care, to investigate or to take any action to determine the employment status of an alleged tort-feasor." *Id.* at 744. Thus, it was plaintiff's duty in *Gould* to make an inquiry regarding the legal identity of an alleged tortfeasor. *Id.* As noted by the Fourth Circuit, Whittlesey's argument that the statute should not begin to run until the discovery of the legal status of the tortfeasor

> would obviate the necessity of due diligence, even when the injury and its cause are known and a minimum inquiry would have led plaintiffs to discover in a timely manner the employment status of the treating physicians. This approach would remove incentives for the timely investigation and prompt presentation of claims ... the very purpose of the statute of limitations.

*Id.* at 746. Further, " '[p]laintiffs may not close their eyes to means of information reasonably accessible to them and must in good faith apply their attention to those particulars which may be inferred to be within their reach.' " *Groom v. Professionals Ins. Co.,* 179 Wis.2d 241, 507 N.W.2d 121, 125 (1993)(quoting *Spitler v. Dean,* 148 Wis.2d 630, 436 N.W.2d 308, 311 (1989)). Had Whittlesey exercised reasonable diligence, he may have likely learned through inquiry that Dr. Cole was a civilian doctor and therefore learned of his need to sue Dr. Cole personally before the statute had run. "His lack of knowledge could have been alleviated by simple, basic investigation." *Franklin v. State,* No. 02A01–9106–BC–00113, 1992 WL 97079,

at *4 (Tenn.Ct.App. May 12, 1992)(unpublished disposition)(Tennessee Court of Appeals rejected plaintiff's claim that his cause of action arising out of a vehicular accident did not accrue until he learned the tortfeasor was a state employee). There is no evidence in this case that the Navy would have concealed this information. Quite to the contrary, on July 7, 1994, the Navy voluntarily informed Whittlesey that Drs. Cole and Holley were civilian employees.[3]

For these reasons, we conclude that the statute of limitations is not tolled by the discovery doctrine.

### B. Tenn.Code Ann. § 20–1–119

■ The second avenue by which plaintiff seeks to toll the statute of limitations is section 20–1–119 of the Tennessee Code. That section provides as follows:

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person *not a party to the suit* caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first

amended answer alleging such person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure and cause process to be issued for that person; or

(2) Institute a separate action against that person by filing a summons and complaint . . .

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations. . . .

Tenn.Code Ann. § 20–1–119(a)–(b)(emphasis added).

In contending that this section tolled the one-year statute of limitations, plaintiff argues that he had ninety days from the government's filing of its answer to his complaint to file an amended complaint alleging a cause of action against Dr. Cole. Plaintiff contends that, although he named Dr. Cole in the caption in his original complaint as one of the defendants, named him in the body of the complaint, and demanded judgment against the defendants, such designations were insufficient to confer party status on Dr. Cole where Dr. Cole was not served with the complaint.

While the parties debate the issue of whether naming an individual in a caption, as well as including allegations against the individual in the complaint, is sufficient without service to confer party status on the individual,[4] we need not decide that question because

---

**3.** While in one of his briefs filed with the District Court Whittlesey states that a call to the emergency room of the hospital yielded no information regarding the whereabouts of Dr. Cole, the record is silent as to any attempt to inquire of the hospital administration or of the Navy.

**4.** Plaintiff contends that we need not address whether Dr. Cole was a named party in the original complaint because the United States, in its answer to the amended complaint, admitted to the allegations in the following paragraph of plaintiff's amended complaint:

On August 31, 1995 the United States of America filed an Answer to the Complaint and asserted as an affirmative defense in Paragraph 20 and 21 that Drs. Cole and Holley, *who are currently not parties to this action,* are not employees of the United States and that the

injuries and/or damages alleged were not proximately caused by negligent or wrongful act or omission of an employee of the United States. In doing so, *the United States has made an issue of the comparative fault and alleged that a person not a party to the suit caused or contributed to the injury or damage for which the Plaintiff seeks recovery.*

J.A. 15 (emphasis added). Because we conclude that the statute simply does not apply to a factual scenario where a plaintiff is aware of, and indeed names in the original complaint, the individual at fault alluded to in a defendant's answer, this judicial admission by the United States is irrelevant. We will not apply a statute to a factual scenario where it should not be applied solely on the basis of a judicial admission.

the circumstances presented in this case were not intended to be covered by § 20–1–119. In 1993, the Tennessee legislature enacted § 20–1–119 to address concerns that arose following the Tennessee Supreme Court's abolition of joint and several liability in *McIntyre v. Balentine*, 833 S.W.2d 52, 58 (Tenn.1992). *See Halstead v. Niles–Bolton Assocs.*, No. 01–A–01–9503–CV00113, 1996 WL 50861, at \*1 (Tenn.Ct.App. Feb. 9, 1996)(unpublished disposition). Even without legislative history to guide us, we may assume that one of the concerns was to prevent a defendant from naming and attributing fault to a previously unknown responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed. This concern, of course, arises only where the plaintiff has been unaware, until the defendant's answer, of the fault of another individual. Indeed, a review of Tennessee case law suggests that § 20–1–119 is implicated only where the defendant's answer apprises the plaintiff for the first time of a responsible party. *See, e.g., Owens v. Truckstops of America*, 915 S.W.2d 420 (Tenn.1996)(when complaint was filed against restaurant where plaintiff fell off of a stool, plaintiff was unaware of the companies who designed and manufactured the stool and the company which sold the stool to the restaurant); *see also Soper v. Wal–Mart Stores, Inc.*, 923 F.Supp. 1032, 1038 (M.D.Tenn.1996)(plaintiff was unaware of identity of third party until court ordered named defendant to disclose the identity following defendant's assertion of an unnamed party in its answer; 90–day period under § 20–1–119 was triggered at the time answer was filed because plaintiff had reasonable notice of a third party claim and an adequate opportunity to discover the third party's identity). It is, thus, plain that § 20–1–119 was not intended to apply to a plaintiff like Whittlesey who, long before the defendant's answer to the complaint, had knowledge that a third party may be at fault for the complained of injuries.[5]

5. Even assuming the statute applies to the factual scenario presented here, there is a substantial question as to whether the United States, in its answer, alleged in paragraphs 20 and 21 that a third party caused or contributed to the injury for which plaintiff seeks damages. Paragraph 20 merely stated that the damages alleged in the complaint were not caused by an employee of the United States and paragraph 21 stated that Drs. Cole and Holley were not employees of the United States.

## IV.

For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.