# IN THE SUPREME COURT OF TENNESSEE
## AT JACKSON
### April 11, 2000 Session

## CASSANDRA LYNN LIPSCOMB v. JOHN DOE

**Appeal by Permission from the Court of Appeals, Western Section**
**Circuit Court for Shelby County**
**Nos. 81763-8 T.D. and 85203-8 T.D.     D'Army Bailey, Judge**

---

**No. W1997-00132-SC-R11-CV - Filed November 30, 2000**

---

JANICE M. HOLDER, J., concurring and dissenting.

Lipscomb has failed to show, as required by Tenn. Code Ann. § 56-7-1206(b), that the driver who struck her vehicle was unknown. I would therefore affirm the judgment of the Court of Appeals that Lipscomb is precluded from using the John Doe statute. I would, however, hold that Lipscomb is not required to show that the driver was "unknown" to invoke Tenn. Code Ann. § 20-1-119. I would therefore reverse the judgment of the Court of Appeals on this issue and remand to the trial court.

### The "Unknown" Requirement

The majority correctly states that "[b]efore a plaintiff may recover in a 'John Doe' action . . . the owner or operator of the other vehicle must be 'unknown,' *and* the plaintiff must satisfy the three requirements listed in section 56-7-1201(e) (1994)." (emphasis added). Thus, the majority initially concedes that an "unknown" driver is a separate and distinct requirement that must be met before John Doe filing is permitted.

Nevertheless, the majority effectively dispenses with the threshold "unknown" requirement on grounds that there is no question under these facts that the other statutory requirements are satisfied:

> [B]ecause the plaintiff took reasonable steps to discover the identity and addresses of the possible drivers, and because the plaintiff communicated this information to her insurer a full nine months before she filed suit, we conclude that the plaintiff properly commenced suit under the "John Doe" procedures of the uninsured motorist statutes.

Accordingly, the majority treats the "unknown" and due diligence requirements of the John Doe statute as a unitary concept. The statute, however, makes no provision for due diligence to act as a substitute for the requirement that the driver be "unknown." The statute plainly requires that the driver first be found to be "unknown" before due diligence becomes an inquiry. The majority's view converts what is clearly a multi-prong statute into a balancing test.

This case implicates construction of the word "unknown" and no more. In its brief discussion of the meaning of the word "unknown," the majority states, "Although both parties in this case have apparently narrowed the universe of possible drivers of the other vehicle, the driver still has not been positively identified and he remains the subject of some dispute." I find "not positively identified" and "subject to some dispute" to be exceedingly generous definitions for "unknown" under the uninsured motorist statutes. Under these definitions, *any* degree of ambiguity as to the other driver's identity would necessarily convert a garden-variety automobile accident into a John Doe case.

Lipscomb stated in her response to Amerisure's request for admissions, "I honestly belie[ve] that Antonio Chaney was driving but I believe in Court Cory Dyson said he was driving." The majority apparently finds Dyson's claim legally sufficient to undermine Lipscomb's honest belief as to the driver's identity. I cannot agree.

The majority also points to the "unique facts" of this case as somehow justifying its conclusion. Lipscomb professed an honest belief that Chaney was the driver. Chaney has not denied that he was driving the vehicle. The only fact that undermines Lipscomb's belief is Dyson's claim that he was the driver.[1] I do not find that fact so unique as to justify the majority's holding.

I would hold that a plaintiff cannot claim a driver is unknown when that plaintiff can narrow the universe of potential defendants to a reasonable number. In such cases, the course most closely aligned with the spirit, if not the letter, of our rules of procedure would be for a plaintiff to name in the complaint all reasonably suspected wrongdoers.[2]

The filing of a John Doe complaint is essentially an assertion to the court that the identity of the defendant or defendants could not be reasonably ascertained. See Tenn. R. Civ. P. 11.02 ("By presenting to the court . . . a pleading . . ., an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, . . . (3) the allegations and other factual contentions have evidentiary support . . . and (4) the denial of factual contentions . . . are reasonably

---

[1]Dyson's claim may be viewed with some skepticism as it is arguably self-serving. Whomever was driving the vehicle was the least likely person to have shot Lipscomb.

[2]I do not disagree with the Georgia Court of Appeals's decision in Smith v. Doe, 375 S.E.2d 477 (Ga. Ct. App. 1988), relied upon by the majority. In that case, the plaintiff properly named as a defendant a person reasonably suspected of being the driver who struck his car. In addition, the plaintiff named "John Doe." Such alternative pleading may be an appropriate way both to protect a plaintiff's suit and to comply with the rules of pleading. Alternative pleading is not present in this case, however. Lipscomb named no defendant other than John Doe.

based on a lack of information or belief."). Attorneys and parties who file such actions without a reasonable basis not only risk dismissal, but may be sanctioned in an appropriate case. See Tenn. R. Civ. P. 11.03. Accordingly, John Doe pleading alone should be employed only when no person or persons can be reasonably suspected of being the driver who allegedly caused the accident.[3]

I find no justification for abandoning the traditional rules of pleading in this case. I cannot agree that a choice between two persons is a sufficient basis upon which to invoke the "John Doe" statute. A choice between two known persons does not make the driver "unknown." One of those persons was undoubtedly the driver. Lipscomb admitted that she honestly believed that she knew which of those persons met that description. Lipscomb should simply have named both Dyson and Chaney as defendants.

For the above stated reasons, I would hold that the John Doe statute was unavailable to Lipscomb because the driver was not "unknown."

Amendment Under Tennessee Code Annotated § 20-1-119

As I would hold that the driver of the other vehicle was not unknown to Lipscomb, there remains the issue of whether Lipscomb could properly amend her complaint pursuant to Tenn. Code Ann. § 20-1-119. That statute states, in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, *alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery*, and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such person's fault, either:
>
> (1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rules of Civil Procedure . . . .

---

[3]The same Georgia Court of Appeals that authored Smith v. Doe would apparently agree. In Kannady v. State Farm Mut. Auto. Ins. Co., 448 S.E.2d 374 (Ga. Ct. App. 1994), the court was faced with facts remarkably similar to those under consideration here. The plaintiff was aware of the name of the putative driver, Pannell, and attended a hearing in which Pannell was found guilty of failing to render assistance. The record contained no evidence that Pannell denied being the driver. The court concluded on these facts that "John Doe" pleading was improper despite the plaintiff's stated inability to identify the driver who struck her. See id. at 376.

3

(2) Institute a separate action against that person by filing a summons and complaint. . . .

Tenn. Code Ann. § 20-1-119 (emphasis added.).

The Court of Appeals ruled that Tenn. Code Ann. § 20-1-119 was not applicable to Lipscomb's case, citing with approval the following language in Whittlesey v. Cole, 142 F.3d 340 (6th Cir. 1998):

> Even without legislative history to guide us, we may assume that one of the concerns was to prevent a defendant from naming and attributing fault to a previously unknown responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed. This concern, of course, arises only where the plaintiff has been unaware, until the defendant's answer, of the fault of another individual. Indeed, a review of Tennessee case law suggests that § 20-1-119 is implicated only where the defendant's answer apprises the plaintiff for the first time of a responsible party. It is, thus, plain that § 20-1-119 was not intended to apply to a plaintiff like Whittlesey who, long before the defendant's answer to the complaint, had knowledge that a third party may be at fault for the complained of injuries.

Whittlesey, 142 F.3d at 345 (emphasis added) (citing Owens v. Truckstops of Am., 915 S.W.2d 420, 427 (Tenn. 1996); Soper v. Wal-Mart Stores, Inc., 923 F. Supp. 1032, 1038 (M.D. Tenn. 1996)). Relying upon Whittlesey and the cases it cited, the Court of Appeals held that § 20-1-119 is applicable only when the plaintiff is unaware of the fault of the third party when the complaint is filed. In this case, Lipscomb clearly knew that Logan, Chaney, and Dyson were potentially responsible parties. Section 20-1-119 was therefore unavailable to Lipscomb.

The Court of Appeals' reliance upon Whittlesey is misplaced. If a statute's language is expressed in a manner devoid of ambiguity, courts are not at liberty to depart from the statute's words. See Carson Creek Vacation Resorts, Inc. v. Department of Revenue, 865 S.W.2d 1, 2 (Tenn. 1993). Accordingly, courts are restricted to the "natural and ordinary" meaning of a statute unless an ambiguity necessitates resorting elsewhere to ascertain legislative intent. Austin v. Memphis Publ'g Co., 655 S.W.2d 146, 149 (Tenn. 1983).

Nothing in the statute requires that the party sought to be added be unknown at the time of the filing of the complaint. The language simply requires that the person "not [be] a party to the suit." A plaintiff may know the identity of a suspected tortfeasor but may, for any number of reasons, justifiably refrain from naming that person as a defendant. See, e.g., Tenn. R. Civ. P. 11.02. A defendant, however, may name a person in its answer or amended answer whom it believes is liable for the plaintiff's injury or damages. See Tenn. Code Ann. § 20-1-119. If the defendant so

4

answers, the plaintiff is given the opportunity to amend the complaint, despite the decision to omit that person from the original complaint. See id. Lipscomb should not be precluded from amending her complaint pursuant to § 20-1-119 merely because Logan, Dyson, and Chaney were "known" to her at the time the complaint was filed.

Our decision in Owens does not compel a contrary result. In Owens, we stated that the plaintiff could not avail himself of § 20-1-119 because § 20-1-119 was enacted in 1993 *after* the plaintiff's claims had already been barred by the statute of limitations. See Owens, 915 S.W.2d at 427. We stated that the statute "now allows a plaintiff a limited time within which to amend a complaint to add as a defendant *any* person alleged by another defendant to have caused or contributed to the injury, even if the statute of limitations applicable to a plaintiff's cause of action against the added defendant has expired." Id. (emphasis added). This Court made no comment regarding whether the party to be added was required to be known at the time the complaint was filed. We simply tracked the plain language of the statute.

The Court of Appeals also cites with approval Soper v. Wal-Mart Stores, Inc., 923 F. Supp. 1032, 1038 (M.D. Tenn. 1996). In matters of interpretation of Tennessee law, the decisions of federal courts are not binding upon the courts of this state. See, e.g., Driver v. Tennessee Farmers Mut. Ins. Co., 505 S.W.2d 476, 478 (Tenn. 1974). Further, Soper did not require that the third party be unknown at the time of the filing of the complaint. The issue in that case concerned the adequacy of the defendant's pleading and the timing of the plaintiff's amendment pursuant to Tenn. Code Ann. § 20-1-119.

I would conclude that, despite Lipscomb's improper use of the John Doe statute, Lipscomb is not barred from amending her complaint pursuant to Tenn. Code Ann. § 20-1-119 solely because the driver was "known" at the time the complaint was filed. Accordingly, I would affirm in part and reverse in part the judgment of the Court of Appeals.

_____
JANICE M. HOLDER, JUSTICE