*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 07a0277p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

MARYANN SCHULTZ; JAMES SCHULTZ,

     *Plaintiffs-Appellants,*

     *v.*

DIANE DAVIS; EVELYN LINDAMOOD,

     *Defendants,*

SMOKY MOUNTAIN MATERIALS, INC.; FRANK
CARTER,

     *Defendants-Appellees.*

No. 05-6382

---

Appeal from the United States District Court
for the Eastern District of Tennessee at Greeneville.
No. 02-00278—J. Ronnie Greer, District Judge.

Argued: October 27, 2006

Decided and Filed: July 23, 2007

Before: KENNEDY and GIBBONS, Circuit Judges; ALDRICH, District Judge.[*]

---

## COUNSEL

**ARGUED:** Timothy W. McAfee, McAFEE LAW FIRM, Norton, Virginia, for Appellants. Charles G. Taylor III, McDONALD, LEVY, TAYLOR & CROTWELL, Knoxville, Tennessee, Joseph Lyle, HALE, LYLE & RUSSELL, Bristol, Tennessee, for Appellees. **ON BRIEF:** Timothy W. McAfee, McAFEE LAW FIRM, Norton, Virginia, for Appellants. Charles G. Taylor III, McDONALD, LEVY, TAYLOR & CROTWELL, Knoxville, Tennessee, Joseph Lyle, HALE, LYLE & RUSSELL, Bristol, Tennessee, for Appellees.

---

## OPINION

---

ANN ALDRICH, District Judge. The petitioners, Maryann Schultz and James Schultz (collectively hereinafter "the Schultzes"), seek reversal of the district court opinion granting Smoky Mountain Materials, Inc.'s ("Smoky") motion to dismiss, and Frank Carter's ("Carter") motion for

---

[*] The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

summary judgment. Because the applicable statute of limitations bars the Schultzes' personal injury claims, and T.C.A. § 20-1-119 is not applicable to the facts of this case, we affirm the district court opinion.

## BACKGROUND

The Schultzes are residents of Massachusetts who, on August 7, 2000, while shopping for a home, visited a house under construction in Bristol, Tennessee. The Schultzes visited the house with a realtor that morning and returned for a second visit that afternoon. During this second visit, Maryann Schultz was injured when one hundred-twenty pounds of sheetrock that was leaning against the wall fell on her leg and ankle.

The property was owned by defendant-appellee Carter, who acquired the property by deed dated April 15, 2002 and recorded that deed on April 16, 2002 in the Office of the Register of Deeds for Sullivan County, Tennessee at Bristol. Carter was constructing a duplex on the property and did some of the work himself. A few days before August 7, 2002, Carter placed an order with Builders First Source, Inc. ("Builders") for sheetrock that Smoky apparently delivered to the property between the Schultzes' first and second visits to the property on August 7, 2002.

The Schultzes filed suit on September 23, 2002, against Diane Davis ("Davis"), who was alleged to be a general building contractor responsible for construction of the home. On November 4, 2002, prior to the filing of an answer by Davis, the Schultzes filed their first amended complaint, adding defendant Tim Carter. The complaint alleged that Tim Carter was involved in the construction of the home and was the owner of the real estate. On January 17, 2003, the Schultzes filed a motion to amend their complaint in order to add additional parties, which was granted. On February 28, 2003, the Schultzes filed their second amended complaint adding defendants Starwood Properties, Inc. and Builders. The Schultzes alleged that Starwood was owned by Tim Carter and was a corporation involved in the construction of the home in which Maryann Schultz was injured. The Schultzes alleged that Builders provided the drywall to the location where Maryann Schultz sustained her injuries.

On July 18, 2003, the Schultzes again sought to amend their complaint to add additional parties. The court permitted them to do so, and on August 8, 2003, the Schultzes filed their third amended complaint, adding Smoky, alleging that Smoky supplied the drywall that fell on Maryann Schultz. On February 2, 2004, the Schultzes again moved to amend their complaint to add an additional party, Larry Carter. This motion was granted, and the Schultzes filed their amended complaint on February 25, 2004. On June 10, 2004, the Schultzes again sought to amend their complaint in order to correct the name of the defendant Larry Carter, indicating that his correct name was Frank Carter. This motion was granted. The Schultzes alleged that they only learned of Carter's involvement in the construction in response to correspondence sent by their attorney to counsel for Davis and Tim Carter, requesting the identify of the contractor for the home. The Schultzes voluntarily dismissed their claims against Tim Carter and Starwood Properties on January 31, 2005.

On May 12, 2005, Smoky filed its motion to dismiss based upon a statute of limitations defense. Similarly, on May 12, 2005, Carter filed his motion for summary judgment raising the statute of limitations bar. On July 18, 2005, the district court granted both motions. The Schultzes' subsequent motion for reconsideration was denied by the district court on August 23, 2005. This appeal followed.

## ANALYSIS

The Schultzes challenge the district court's determination that: 1) their personal injury claims were barred by the applicable statute of limitations; and 2) T.C A. § 20-1-119 was inapplicable to the facts in this case.

### I. T.C.A. § 28-3-104: The Statute of Limitations for Personal Injury

T.C.A. § 28-3-104 provides a one-year statute of limitations for personal injury actions. Carter and Smoky maintain that the statute of limitations had run as to the Schultzes' claims against them. The Schultzes, however, argue that the "discovery rule" applies, thereby tolling the statute of limitations. We agree with the district court that the "discovery rule" does not toll statute of limitations with respect to Carter and Smoky. Therefore, the statute of limitations bars the Schultzes' claims.

The Tennesee Supreme Court describes the "discovery rule" as follows:

> Under the "discovery rule" applicable in tort actions, . . . the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered. The discovery rule applies only in cases where the plaintiff does not discover and reasonably could not be expected to discover that he had a right of action. Furthermore, the statute is tolled only during the period when the plaintiff had no knowledge at all that the wrong had occurred and, as a reasonable person, was not put on inquiry.

*Potts v. Celotex Corp.*, 796 S.W.2d 678, 680-681 (Tenn. 1990) (internal citations omitted).

There can be little doubt that Maryann Schultz discovered her injury on August 7, 2002. By all accounts, her injury was immediate and apparent; one hundred-twenty pounds of sheetrock falling upon her leg could hardly be characterized otherwise. Therefore, we agree with the district court's conclusion that the discovery rule did not toll the running of the statute of limitations.

The Schultzes, however, maintain that the "discovery rule" ought to apply. Specifically, the Schultzes rely on a medical malpractice case stating that the statute of limitations is tolled until the injured party also "discover[s], or **reasonably should have discovered**, (1) the occasion, the manner and the means by which a breach of duty occurred that produced his injury; and (2) the identity of the defendant who breached the duty." *Foster v. Harris*, 633 S.W.2d 304, 305 (Tenn. 1982) (emphasis added). The second prong is at issue. The Schultzes argue that because they did not discover Carter's identity as "contractor" until February of 2004, the discovery rule applies. We disagree.

In the first place, *Foster* is inapposite. In *Foster*, *who* caused the injury was a critical issue, because Mr. Foster, a dental patient, discovered he had serum hepatitis in January of 1976, a disease only transferable through blood contact. Despite his efforts to discover the source of his disease, Foster did not do so until July 21, 1976, when he returned to his dentist's office and was told that Dr. Harris had infected him on October 11, 1975. Before then, it was unreasonable for Foster to know who gave him hepatitis, given the manner in which it is transferred. The court determined, therefore, that the date the cause of action accrued was July 21, 1976.

Here, however, we have no similar problem. This is not a medical malpractice case. And, even if it were, the outcome would be no different. Maryann Schultz knew or was put on notice on August 7, 2002 that she was injured as a result of allegedly wrongful or tortious conduct, although she may not have known the specific tortfeasors. One should reasonably expect, however, that when

a plaintiff suffers an injury on property that she does not own, she will attempt to determine who owns the property.[1] The Schultzes could have easily determined that Carter was the owner of the property on August 7, 2002. Four months prior to the alleged injury, the deed was registered in the Office of the Register of Deeds for Sullivan County, Tennessee at Bristol. Despite the Schultzes' causes of action against Carter accruing on August 7, 2002, they did not sue Carter until more than one year later on February 25, 2004. The suit was therefore properly dismissed as time-barred with respect to those personal injury claims against Carter.

Similarly, with respect to Smoky, the "discovery rule" does not toll the statute of limitations. Again, the Schultzes were aware, or should have been aware, that a wrong occurred on August 7, 2002. As of that date, the Schultzes were put on notice that Maryann Schultz's injury was likely caused by the improper stacking of the sheetrock. Therefore, the Schultzes should have known that they could have a cause of action against the party who delivered and stacked the sheetrock, and should have sought to discover the identity of that party. Worthy of note is the fact that the Schultzes did discover that Smoky was responsible for the delivery of the sheetrock prior to the one year anniversary of the injury, and yet the amended complaint was filed on August 8, 2003, one year and a day later. The suit was therefore properly dismissed as untimely filed.

Therefore, we affirm the district court's ruling with respect to the application of T.C.A. § 28-3-104 and the "discovery rule" to the Schultzes personal injury claims against Carter and Smoky.

## II. Applicability of T.C.A. § 20-1-119

The Schultzes argue that the district court failed to properly apply T.C.A. § 20-1-119. We disagree.

T.C.A. § 20-1-119 provides a "savings statute," stating in relevant part:

**§ 20-1-119. Comparative fault – Joinder of third party defendants. --**

(a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, **and if the plaintiff's cause or causes of action against such person would be barred by any applicable statute of limitations but for the operation of the section,** the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging such a person's fault, either:

(1) Amend the complaint to add such person as a defendant pursuant to Rule 15 of the Tennessee Rule of Civil Procedure and cause process to be issued for that person; or

---

[1] The Schultzes cite *Johnson v. EMPE, Inc.*, 837 S.W.2d 62 (Tenn. Ct. App. 1992), for the proposition that in Tennessee, being a landowner creates no duty of care. It says no such thing. Rather, *Johnson* cites *Ruth v. Ruth*, 213 Tenn. 82, 87 (Tenn. 1963), which states that, in general, "[t]he law places the duty upon the person in control of the premises to exercise reasonable and ordinary care under the circumstances not to cause injury to an invitee." *Ruth v. Ruth*, 213 Tenn. at 87. *Johnson* also details the duty landowners owe to independent contractors and their employees, but does not hold that landowners owe no duty to invitees. Who owned the land was manifestly relevant precisely because the landowner (i.e., Carter) was a person potentially in control of the premises. Moreover, the Schultzes' distinction between landowner and contractor is similarly specious.

(2) Institute a separate action against that person. (emphasis added).

The district court found that the statute provides for the additional ninety days only where the statute of limitations has already run as to the defendant whom the plaintiff seeks to make a party. We agree.

## A. Applicability of T.C A. § 20-1-119 to Carter

The Schultzes argue that they fall under the savings statute because within ninety days of learning that Carter was the "contractor," he was added as a party. The statute's plain language, however, precludes its application to this set of facts. The Schultzes admit that they did not learn about Carter as a potential defendant through an answer or an amended answer, but rather through the filing of certain Rule 26(a)(1) disclosures of Tim Carter and Diane Davis. Therefore, we agree with the district court that the clear language of the statute precludes the Schultzes from relying on T.C.A. § 20-1-119.

## B. Applicability of T.C A. § 20-1-119 to Smoky

The district court found that the Schultzes discovered Smoky's existence as a potential defendant on July 10, 2003, when an answer was filed identifying Smoky as the supplier of the sheetrock that fell on Maryann Schultz. Since the statute of limitations had not yet run (it would run on August 7, 2003), the district court found that the Schultzes could not rely on the "savings statute" based on the plain language of T.C.A. § 20-1-119. We agree.

Although there is a split among the Tennessee Court of Appeals as to whether this statute applies to previously "known" versus "unknown" potential defendants, the Tennessee Supreme Court has been clear that this savings statute applies only when the new defendant is discovered in the answer *after* the statute of limitations has run. *See Doyle v. Frost*, 49 S.W.3d 853, 859 (Tenn. 2001) (stating that T.C.A. 20-1-119(a) "applies in comparative fault cases when a plaintiff has sued a defendant and the defendant alleges, **after the statute of limitations has expired,** that a nonparty caused or contributed to the plaintiff's injury") (emphasis added); *see also*, *McNabb v. Highways, Inc.*, 98 S.W.3d 649, 654 (Tenn. 2003) (stating that T.C.A. 20-1-119(a) applies "when a defendant's answer asserts comparative fault and identifies a tortfeasor **against whom the statute of limitations has run**") (emphasis added). Indeed, the plain language of the statute says as much.

The Schultzes maintain that the purpose of this statute is to provide an injured party with a fair opportunity to bring before the court all persons who caused or contributed to the party's injuries. The Sixth Circuit, however, has spoken on the purpose of the statute. To wit, "one of the concerns was to prevent a defendant from naming and attributing fault to a previously unknown responsible party in its answer when the time for the plaintiff to bring the newly named party into the suit was insufficient or had passed." *Whittlesey v. Cole*, 142 F.3d 340, 345 (6th Cir. 1998). There was no such concern in this case; the Schultzes learned about Smoky in a July 10, 2003 answer, four weeks prior to the running of the statute of limitations, a generous window in which they could have brought a separate action against Smoky.

The Schultzes argue that *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446 (Tenn. 2001) repudiates the district court's finding regarding T.C.A. § 20-1-119. *Townes* insists that only two conditions need to be satisfied for the savings statute to apply: "[t]he first condition is that one of the defendants must name the comparative tort-feasor as one who caused or contributed to the injury or damage for which the plaintiff seeks recovery. The second condition is that the named comparative tort-feasor is not a party to the suit." *Townes*, 50 S.W.3d at 453-54 (internal quotations omitted). The Tennessee Supreme Court, however, has implicitly rejected such an approach, stating in relevant part:

> In 1993, in response to the decision in *McIntyre*, the General Assembly enacted Tennessee Code Annotated section 20-1-119 (1994) to provide a means whereby a plaintiff could amend a complaint to add as a defendant any third party alleged by another defendant to have caused or contributed to the injury, even if the applicable statute of limitations would otherwise bar the claim against the third party.

*Curtis v. G.E. Capital Modular Space*, 155 S.W.3d 877, 881 (Tenn. 2005). The clear inference is that the statute is meant to ameliorate the harm caused when plaintiffs discover, *after* the statute of limitations has passed, that an additional defendant is out there. Here, the Schultzes knew about Smoky as a potential defendant well before the statute of limitations had run, thereby falling outside the purview of the statute. We therefore agree with the decision of the district court.

## CONCLUSION

For the foregoing reasons, we affirm the district court's judgment.