IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
JULY 19, 2011 Session

## DAVEY MANN, and wife, TERESA MANN v. ALPHA TAU OMEGA FRATERNITY, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. CT-003646-07     John R. McCarroll, Judge

No. W2010-02316-COA-R3-CV - Filed August 2, 2011

Plaintiffs sued Defendants in an amended complaint following the expiration of the statute of limitations.  Defendants moved for summary judgment/judgment on the pleadings based on the expiration of the statute of limitations.  Subsequently, co-defendants alleged Defendants' comparative fault in an amended answer.  Defendants' motions for summary judgment and for judgment on the pleadings were granted, but were not made final.  Based on co-defendants' answer, Plaintiffs again amended their complaint to name Defendants pursuant to Tennessee Code Annotated section 20-1-119.  However, Defendants claimed that section 20-1-119 could not be utilized as they were already parties to the lawsuit, and they moved for summary judgment and to dismiss.  The trial court granted said motions, and we affirm.

Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which HOLLY M. KIRBY, J., and J. STEVEN STAFFORD, J., joined.

Herschel L. Rosenberg, Memphis, Tennessee, for the appellants, Davey Mann and wife, Teresa Mann

Scott C. Campbell, Joseph L. Broy, Memphis, Tennessee, for the appellees, Nicholas Beaver and Zachary Beaver

Darryl D. Gresham, Harry W. Lebair, IV, Memphis, TN, for the appellee, E. J. Cox

Russell C. Rutledge, Germantown, TN, for the appellees, Daniel Kelly and John Condon, III

## OPINION

## I. FACTS & PROCEDURAL HISTORY

On July 22, 2006, Davey Mann and Teresa Mann ("Plaintiffs") were injured in an automobile accident when Jeffrey Callicutt allegedly crossed the centerline, causing a head-on collision. Prior to the accident, Callicutt had allegedly consumed alcoholic beverages at the home of Eric and Lori Cox during a social gathering of members/prospective members of Alpha Tau Omega Fraternity ("ATO").

On July 17, 2007, Plaintiffs sued Jeffrey Callicutt and his parents, William and Deborah Callicutt, ATO, Tennessee Zeta Rho Chapter ("ZR Chapter"), Eric and Lori Cox, and "John Doe, A through Z[.]" Count four of Plaintiffs' complaint alleged as follows:

> Your Plaintiffs, Davey Mann and Teresa Mann[,] would furthermore state an[d] show unto the Court that on July 22, 2006, the Defendant, Jeffrey Callicutt, was twenty (20) years of age, being born on February 18, 1986, and that the Defendant, John Doe, A through Z, provided him with alcohol[ic] beverages, of which some of the John Doe's [sic] A through Z, were members of the Tennessee Zeta Rho Chapter the University of Memphis, of the Alpha Tau Omega Fraternity, knowing that he was underage and continued to provide him with alcoholic beverages knowing his state of intoxication, and furthermore allowed him to drive his vehicle in an intoxicated state.

In its December 5, 2007 Answer, ZR Chapter responded to this allegation as follows:

> Defendant ZR Chapter denies that it provided alcoholic beverages to Defendant Jeffrey Callicutt or let Mr. Callicutt drive his vehicle. Defendant ZR Chapter admits that some of its members were at a social gathering at the Cox residence on July 22, 2006. The roster of members of ZR Chapter [is] listed on Exhibit A, attached hereto.[1] Some of the members of Defendant ZR Chapter were in attendance at the social function and others were not. Defendant ZR Chapter is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2, Count Four, of the Complaint.

Based on ZR Chapter's answer and pursuant to Tennessee Code Annotated section 20-1-119, which allows a non-party to be added as a defendant within ninety days of his identification

---

[1]Exhibit A is not included in the record on appeal.

in an answer as an alleged comparative tortfeasor, Plaintiffs amended their complaint, on March 3, 2008, ("First Amended Complaint") to add as defendants, among others, ATO members E.J. Cox, Daniel Kelly, John Condon, III, Nicholas Beaver, and Zachary Beaver (collectively, "Defendants").

Based on the one-year statute of limitations for personal injury,[2] Cox, Kelly, and Condon filed motions for summary judgment, and the Beavers filed a motion for judgment on the pleadings. Defendants argued that Tennessee Code Annotated section 20-1-119 was inapplicable, as ZR Chapter's answer had failed to allege their comparative fault. However, before their respective motions were heard, William and Debra Callicutt moved to amend their answer to allege the comparative fault of Defendants, whom they referred to as "co-defendants[.]"

In orders dated October 16 and 18, 2009, the trial court granted the Defendants' motions for summary judgment and for judgment on the pleadings finding "there are no allegations in th[e] Answers which would support the application of the provisions of T.C.A. § 20-1-119 to these circumstances so as to prevent the application of Tennessee's one-year statute of limitations, T.C.A. § 28-3-104." However, these orders were not made final pursuant to Tennessee Rule of Civil Procedure 54.02. Thereafter, on October 22, 2009, the Callicutts filed their amended answer, specifically alleging Defendants' comparative fault.

On November 12, 2009, Plaintiffs moved for interlocutory appeals regarding the grants of summary judgment and judgment on the pleadings. Based on the allegations of comparative fault against Defendants in the Callicutts' amended answer, and again attempting to utilize Tennessee Code Annotated section 20-1-119, Plaintiffs amended their complaint on January 11, 2010, to assert claims against Defendants ("Second Amended Complaint"). Jeffrey, William and Deborah Callicutt were dismissed via a consent order on February 18, 2010.

Defendants then filed motions to dismiss and for summary judgment arguing that Plaintiffs could not utilize Tennessee Code Annotated section 20-1-119.[3] Specifically, they contended that section 20-1-119 provides only for the addition of *non-parties*, and because the October 16 and 18, 2009 orders granting summary judgment and judgment on the

_____

[2]Tenn. Code Ann. § 28-3-104.

[3]Specifically, Nicholas and Zachary Beaver filed a motion to dismiss for failure to state a claim upon which relief could be granted and for judgment on the pleadings on February 22, 1010, and E.J. Cox filed a motion to dismiss for failure to state a claim upon which relief could be granted on April 1, 2010. John Condon, III, and Daniel Kelly filed motions for summary judgment on April 1, 2010 and April 4, 2010, respectively.

pleadings were not "final," they contended they were already parties to the lawsuit when Plaintiffs moved to amend their complaint on December 8, 2009.

On September 14, 2010, the trial court entered orders denying Plaintiffs' motion for an interlocutory appeal and granting Defendants' motions for summary judgment and to dismiss.[4]  In granting Defendants' motions, the trial court stated "'the fact that Callicutt may have named them Callicutt's now out.  I don't think that gives the plaintiffs any right then to again sue the same people.  I'm basing my ruling on the fact that the plaintiff's attorney has told me that there are no new claims, they're the same claims that we had before.'"  Plaintiffs timely appealed the September 14, 2010 order granting Defendants' motions for summary judgment and to dismiss.

## II.   ISSUE PRESENTED

On appeal, Plaintiffs challenge the trial court's grant of Defendants' motions for summary judgment and to dismiss.[5]  For the following reasons, we affirm the decision of the trial court.

## III.   STANDARD OF REVIEW

Although defendants Nicholas and Zachary Beaver and E.J. Cox filed motions to dismiss pursuant to Tennessee Rule of Civil Procedure 12.02(6) for failure to state a claim upon which relief could be granted,[6] we find that the trial court converted these motions into motions for summary judgment by considering matters outside the pleadings.[7]

---

[4]The order granting Defendants' motions for summary judgment and to dismiss was made final as to Defendants pursuant to Tennessee Rule of Civil Procedure 54.02.

[5]In their brief, Plaintiffs state that "[i]t is [their] position that the original answer of Tennessee Zeta RHO Chapter to the original Complaint [] was sufficient for your Appellants to file their Amended Complaint as to the Defendants[.]" However, this argument is not further developed, it is not listed as an issue on appeal, and Plaintiffs seemed to concede at oral argument before this Court that the trial court's grant of summary judgment/judgment on the pleadings with regard to the First Amended Complaint was not at issue on appeal.  Accordingly, we will not address this issue.

[6]"When a motion for judgment on the pleadings is made by the defendant, it is in effect a motion to dismiss for failure to state a claim upon which relief can be granted." *Waldron v. Delffs*, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998).

[7]The trial court's order states that in addition to the motions and their supporting memoranda, it considered "the arguments of counsel in open court and the entire record in this cause[.]" Additionally,
(continued...)

-4-

A motion for summary judgment should be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **Tenn. R. Civ. P. 56.04.** "The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law." *Green v. Green,* 293 S.W.3d 493, 513 (Tenn. 2009) (citing *Martin v. Norfolk S. Ry.,* 271 S.W.3d 76, 83 (Tenn. 2008); *Amos v. Metro. Gov't of Nashville & Davidson County,* 259 S.W.3d 705, 710 (Tenn. 2008)). "When ascertaining whether a genuine dispute of material fact exists in a particular case, the courts must focus on (1) whether the evidence establishing the facts is admissible, (2) whether a factual dispute actually exists, and, if a factual dispute exists, (3) whether the factual dispute is material to the grounds of the summary judgment." *Id.* Not every factual dispute requires the denial of a motion for summary judgment. *Id.* at 514. To warrant denial of a motion for summary judgment, the factual dispute must be material, meaning "germane to the claim or defense on which the summary judgment is predicated." *Id.* (citing *Eskin v. Bartee,* 262 S.W.3d 727, 732 (Tenn. 2008); *Luther v. Compton,* 5 S.W.3d 635, 639 (Tenn. 1999)).

When the party moving for summary judgment is a defendant asserting an affirmative defense, he or she may shift the burden of production by alleging undisputed facts that show the existence of the affirmative defense. *Hannan v. Alltel Publ'g Co.,* 270 S.W.3d 1, 9 n.6 (Tenn. 2008). "If the moving party makes a properly supported motion, then the nonmoving party is required to produce evidence of specific facts establishing that genuine issues of material fact exist." *Martin,* 271 S.W.3d at 84 (citing *McCarley v. W. Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Byrd v. Hall,* 847 S.W.2d 208, 215 (Tenn. 1993)). The nonmoving party may satisfy its burden of production by:

> (1) pointing to evidence establishing material factual disputes that were over-looked or ignored by the moving party; (2) rehabilitating the evidence attacked by the moving party; (3) producing additional evidence establishing the existence of a genuine issue for trial; or (4) submitting an affidavit explaining the necessity for further discovery pursuant to Tenn. R. Civ. P., Rule 56.06.

*Id.* (citing *McCarley,* 960 S.W.2d at 588; *Byrd,* 847 S.W.2d at 215 n. 6).

The resolution of a motion for summary judgment is a matter of law, which we review de novo with no presumption of correctness. *Martin,* 271 S.W.3d at 84. However, "we are required to review the evidence in the light most favorable to the nonmoving party and to

---

[7](...continued)
defendants Nicholas and Zachary Beaver seem to concede that the trial court considered matters outside the pleadings, and the Plaintiffs' brief cites only the summary judgment standard of review.

draw all reasonable inferences favoring the nonmoving party." ***Id.*** (citing *Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 89 (Tenn. 2000)). Summary judgment is appropriate "when the undisputed facts, as well as the inferences reasonably drawn from the undisputed facts, support only one conclusion--that the moving party is entitled to a judgment as a matter of law." *Green,* 293 S.W.3d at 513 (citing *Griffis v. Davidson County Metro. Gov't,* 164 S.W.3d 267, 283-84 (Tenn. 2005); *Pero's Steak & Spaghetti House v. Lee,* 90 S.W.3d 614, 620 (Tenn. 2002)).

## IV. DISCUSSION

As we outlined above, Defendants were initially brought into this lawsuit on March 3, 2008, beyond the one-year statute of limitations, when they were named in Plaintiffs' First Amended Complaint. However, because their comparative fault had not yet been alleged in an answer, the trial court granted their motions for summary judgment and for judgment on the pleadings on October 16 and 18, 2009. Subsequently, William and Deborah Callicutt filed an amended answer on October 22, 2009, in which they alleged the comparative fault of Defendants. Based on this allegation, Plaintiffs, on January 11, 2010, filed their Second Amended Complaint, which is at issue in this appeal, asserting claims against Defendants pursuant to Tennessee Code Annotated section 20-1-119, which provides in relevant part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person *not a party to the suit* caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:

> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or

> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed shall not be considered an original

complaint initiating the suit or an amended complaint for purposes of this
subsection (a).

(emphasis added).

Thus, under section 20-1-119, when a non-party comparative tortfeasor is identified in an answer or an amended answer outside of the original statute of limitations for the underlying action, a plaintiff may, within ninety days, elect either to institute a separate action against that person or to amend his complaint to add that person. **Tenn. Code Ann. § 20-1-119(a)**. On appeal, it is undisputed that Plaintiffs' Second Amended Complaint was timely filed following the Callicutts' amended answer. However, Defendants maintain that they are not "non-parties" who may be added pursuant to section 20-1-119. According to Defendants, because the trial court's orders granting their motions for summary judgment and for judgment on the pleadings failed to state that they were "final orders," they remained parties to the suit when Plaintiffs moved to amend their complaint on December 8, 2009.[8]

The middle section of this Court considered a similar fact pattern in *Townes v. Sunbeam Oster Co., Inc.*, 50 S.W.3d 446, 448 (Tenn. Ct. App. 2001). Following a grill explosion, the plaintiffs sued, among others, grill manufacturer Sunbeam, propane tank manufacturer Manchester, and seller Wal-Mart. The plaintiffs then voluntarily non-suited Sunbeam on the mistaken belief that Sunbeam was not involved in manufacturing the grill's propane tank. *Id.* at 449. After discovering their mistake, the plaintiffs filed a second amended complaint asserting new claims against Sunbeam, but Sunbeam moved for summary judgment based on the expiration of the statute of limitations. *Id.* at 449-50. Meanwhile, Manchester filed an answer alleging the comparative fault of Sunbeam. *Id.* at 450. The trial court dismissed the claims against Sunbeam as time-barred, finding section 20-1-119 inapplicable because Sunbeam was not an "unknown party" when the second amended complaint was filed.[9] *Id.*

---

[8]"[A]n added defendant's status as a party should be determined, not when the original defendant names the added defendant as an additional comparative tortfeasor in its answer or amended answer, but rather when the plaintiff either seeks to amend its complaint to name the additional tortfeasor as an additional defendant or to file a separate complaint against the additional comparative tortfeasor." *Townes v. Sunbeam Oster, Co., Inc.*, 50 S.W.3d 446, 454 (Tenn. 2001).

[9]On appeal, the middle section of this Court concluded that Tennessee Code Annotated section 20-1-119 is not restricted to unknown comparative tortfeasors. *Townes*, 50 S.W.3d at 452-53. However, the eastern section of this Court declined to follow this interpretation in *McClendon v. Bunick*, No. E1999-02814-COA-R3-CV, 2001 WL 536614, at *6-7 (Tenn. Ct. App. E.S. May 21, 2001), as did the Sixth Circuit in *Schultz v. Davis*, 495 F.3d 289, 295 (6th Cir. 2007).

Based on Manchester's allegation of comparative fault, the plaintiffs sought to file a third amended complaint to add Sunbeam pursuant to section 20-1-119, arguing that "Sunbeam was no longer a party to the litigation in light of the trial court's dismissal of the claims against Sunbeam in their second amended complaint." *Id.* The trial court denied the plaintiffs' motion to amend, but the middle section of this Court reversed. *Id.* at 448. The Court noted that Sunbeam became a party to the case when the plaintiffs filed their second amended complaint. *Id.* at 454. Thus, when Sunbeam asserted its statute of limitations defense to this complaint, the plaintiffs could not take advantage of section 20-1-119. *Id.* However, after the trial court granted Sunbeam's motion for summary judgment with regard to the second amended complaint and "dismissed" Sunbeam from the case, "Sunbeam was no longer a party when the [plaintiffs] moved to file their third amended complaint[.]" *Id.* Accordingly, the Court found that the trial court erred in denying the plaintiffs' motion to file a third amended complaint. *Id.*

In the instant case, Defendants attempt to distinguish *Townes* in that the comparative fault allegations that permitted the plaintiff to bring Sunbeam back into the lawsuit under section 20-1-119 were based on new facts and theories, whereas Plaintiffs concede that they are merely attempting to re-assert the claims previously raised against Defendants. In fact, Defendants contend that *Townes* "stands for the proposition that T.C.A. § 20-1-119 permits the addition of a previously dismissed defendant beyond the statute of limitations when the comparative fault allegations are based on facts and/or theories that are different than those that were previously dismissed."

We agree that *Townes* is distinguishable from the instant case; however, we find it distinguishable for a reason not discussed by the parties. Tennessee Rule of Civil Procedure 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, *any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to **any** of the claims or parties*, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

(emphasis added).  Based upon this plain language, because the trial court, in the instant case, failed to "direct the entry of a final judgment" when it granted Defendants' motions for summary judgment and for judgment on the pleadings with regard to Plaintiffs' First Amended Complaint, the action did not terminate as to Defendants.  In fact, following the trial court's orders of October 16 and 18, 2009, Plaintiffs moved for interlocutory appeals, which Defendants actively opposed, and which were not disposed of until September 14, 2010–the same date that Defendants' motions for summary judgment and to dismiss, regarding the Second Amended Complaint, were granted.

Although the *Townes* opinion does not expressly state that the trial court's grant of summary judgment to Sunbeam was made final pursuant to Tennessee Rule of Civil Procedure 54.02, based upon the lack of argument and analysis concerning the issue, finality seems apparent.  Hence, we find *Townes* distinguishable from the instant case.  Here, because no final order had been entered against Defendants, they remained parties to the lawsuit when Plaintiffs sought to assert claims against them in their Second Amended Complaint.  Since the original statute of limitations had expired and Tennessee Code Annotated section 20-1-119 could not be utilized to extend the limitations period against the party Defendants, the trial court properly granted Defendants' motions for summary judgment and to dismiss.  The decision of the trial court is affirmed.

## V.  CONCLUSION

For the aforementioned reasons, we affirm the decision of the circuit court.  Costs of this appeal are taxed to Appellants, Davey Mann and Teresa Mann, and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.